FILED
2014 APR -3  PM 2: 27

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARK C. GRETHER; ELIZABETH GRETHER,
Plaintiff,

-vs-

Case No.  A-13-CA-1069-SS

SOUTH POINT PONTIAC/CADILLAC D/B/A
SOUTH POINT HYUNDAI,
Defendant.

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant's Motion to Dismiss [#6]; and Defendant's Motion to Compel Arbitration and Stay Proceeding [#7].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

Plaintiffs Mark C. Grether and Elizabeth Grether sued Defendant South Point Hyundai, Inc. (South Point)[1] alleging a cause of action for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).  According to their Complaint, the Grethers allege when they arrived at South Point to purchase a vehicle on January 21, 2013, they notified South Point they had already procured financing and requested South Point refrain from pulling their credit reports.  The Grethers allege that during the vehicle purchase and associated signing of documents, a South Point employee instructed the Grethers to sign a form "they thought looked like a credit application."  Compl. [#1],

---

[1]Plaintiffs actually sued South Point Hyundai, Inc. as South Point Pontiac/Cadillac d/b/a South Point Hyundai, but Defendant indicates in its Motion to Dismiss the proper entity to be sued is South Point Hyundai, Inc.

¶ 6. The Grethers allege the employee assured them the document was not to be used to obtain their credit reports. They allege the employee told them that pursuant to the Patriot Act, their signatures and social security numbers were required on the form for purchases over $10,000.

Approximately six months later, the Grethers received a credit report from Experian, and the Grethers allege the report showed South Point had accessed the Grethers' credit about five days after their vehicle purchase. The Grethers contend South Point had no legally permissible purpose to pull their credit, and South Point's alleged actions permanently injured their credit profiles. The Grethers estimate the credit pull decreased their credit scores by "10-15 points." *Id.*, ¶ 17.

The Grethers filed a complaint in this Court on December 18, 2013, seeking damages for South Point's alleged violations of the FCRA. The Grethers allege South Point "wilfully and/or negligently" violated the FCRA by unlawfully accessing their credit report under false pretenses. *Id.*, ¶ 9, 16, 17. Specifically, the Grethers allege South Point violated FCRA §§ 1681n (civil liability for willful noncompliance), 1681o (civil liability for negligent noncompliance), and 1681q (obtaining information under false pretenses). *Id.*

On February 14, 2014, South Point filed: (1) a Motion to Dismiss for Plaintiffs' Failure to State a Claim or in the Alternative for a More Definite Statement [#6]; and (2) a Motion to Compel Arbitration and Stay Proceeding [#7]. The parties submitted agreed motions for an extension of time for the Grethers to file responses to both of these motions, representing to the Court the parties were engaged in settlement negotiations. *See* Agreed Mot. for Extension of Time [#9]; Mot. for Extension of Time [#11]. On February 27, 2014, the Court granted the Grethers' requests for an extension of time, giving them until March 5, 2014, to respond to both the motion to dismiss and the motion to

compel arbitration. *See* Order of Feb. 27, 2014 [#13]. To date, the Grethers have not filed a response to either motion.

## Analysis

### I.     Motion to Compel Arbitration

### A.     Legal Standard

In determining the arbitrability of a dispute, this Court is guided by "four general principles" enunciated by the United States Supreme Court. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). First, because arbitration is a creature of contract, "'a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.'" *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation marks omitted)). Second, the threshold question of whether the parties agreed to arbitrate is one for the courts, not the arbitrator, unless "the parties clearly and unmistakably provide otherwise." *Id.* (internal quotation marks omitted). Third, this Court is not to consider the merits of the claims in determining arbitrability. *Id.* Fourth, "'where the contract contains an arbitration clause, there is a presumption of arbitrability.'" *Id.* (quoting *AT&T Techs.*, 475 U.S. at 650). The presumption of arbitrability requires this Court to resolve any ambiguities as to the scope of the arbitration agreement in favor of arbitration. *Id.*

Mindful of these guiding principles, this Court conducts a two-step analysis in deciding whether to compel arbitration under the Federal Arbitration Act. *Id.* The first step is to "determine whether the parties agreed to arbitrate the dispute in question," and the second is to "determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* (internal quotation marks omitted). The first step in resolving the arbitrability question

-3-

also involves two inquiries: "'(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Id.* (quoting *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)).

**B.    Application**

The claims at issue in this case are subject to a mandatory arbitration clause.  Specifically, when the Grethers purchased the vehicle on or about January 21, 2013, they entered into a contract for this purchase, and the contract contains a "Buyer's Order Arbitration Clause," which states in its entirety:

> The undersigned buyer agrees that all claims, controversies, and disputes with the seller of the vehicle described herein regarding the purchase, lease or other acquisition will be conclusively resolved by arbitration to be conducted by the American Arbitration Association and pursuant to the Federal Arbitration Act.  Any arbitration shall be conducted by one arbitrator chosen pursuant to the procedures of the American Arbitration Association.  The undersigned buyers waives all claims or right to seek exemplary or punitive damages.  The undersigned buyer waives all rights to file a class action lawsuit or class arbitration or to participate in either as a claimant.  The arbitrator's decision shall be final, binding and conclusive on the parties and may be entered in any court of competent jurisdiction.  If any portion of this arbitration paragraph is unenforceable, it is severed and the remaining provisions shall be enforced.  Notwithstanding the foregoing, arbitration shall not apply in the event of the undersigned buyer's failure or alleged failure to complete any aspect of the purchase, lease or other acquisition of the described vehicle.

Def.'s Mot. Compel Arbitration [#7-1], Ex. A (the Contract).  Both the Grethers and South Point signed the Contract.

The Contract and the arbitration provision establish there is a valid agreement to arbitrate between the parties.  In addition, the arbitration provision states "all claims, controversies, and disputes . . . regarding the purchase . . . will be conclusively resolved by arbitration . . . ."  *Id.* Therefore, the Court concludes the dispute in question regarding South Point's alleged pulling of the

Grethers' credit report in connection with the Grethers' purchase of the vehicle falls within the scope of the arbitration agreement. By not responding, even after being given an extension of time to file a response, the Grethers have given the Court no reason to conclude this dispute falls outside the arbitration agreement. In addition, the Grethers have not raised, nor can the Court think of any, legal constraints external to the parties' agreement that would foreclose the arbitration of the FCRA claims. Therefore, the Court GRANTS the Defendant's Motion to Compel Arbitration.

The final question for this Court is whether to stay this case or dismiss it with prejudice. The Federal Arbitration Act explicitly contemplates stays pending arbitration. 9 U.S.C. § 3. But the Fifth Circuit has interpreted the FAA as authorizing "dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (collecting cases and affirming dismissal with prejudice). The Court concludes all of the Grethers' FCRA claims are arbitrable, and thus a stay in this case would serve no purpose. Once the parties have arbitrated their claims, they may apply to a proper court for entry of a judgment upon the award made pursuant to the arbitration. 9 U.S.C. § 9.

## II.     Motion to Dismiss

Because the Court grants the motion to compel arbitration and dismisses the case with prejudice, South Point's motion to dismiss is DISMISSED AS MOOT.

### Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss [#6] is DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Defendant's Motion to Compel Arbitration and Stay Proceeding [#7] is GRANTED IN PART and DENIED IN PART as described in this order. The parties are ordered to arbitrate their claims in the manner provided for in the arbitration agreement, pursuant to 9 U.S.C. § 4;

IT IS FINALLY ORDERED that all claims brought by Plaintiffs Mark C. Grether and Elizabeth Grether in this case are DISMISSED WITH PREJUDICE. The Court's dismissal does not affect the ability of either party to apply to any appropriate court for entry of a judgment upon an arbitration award.

SIGNED this the 2nd day of April 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE